The Disciplinary Review Board having filed with the Court its decision in DRB 17-179, recommending that WILLIAM J. SORIANO of ROSELAND, who was admitted to the bar of this State in 1975, be disbarred for violating RPC 1.15(a) (knowing misappropriation of escrow funds), RPC 1.15(b) (failure to promptly disburse funds to a third party), RPC 1.2(d) (assisting a client in conduct the attorney knows to be illegal, criminal or fraudulent), RPC 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and the principles of In re Wilson, 81 N.J. 451, 409 A.2d 1153 (1979), and In re Hollendonner, 102 N.J. 21, 504 A.2d 1174 (1985) ;
And WILLIAM J. SORIANO having been ordered to show cause why he should not be disbarred or otherwise disciplined;
And the Court having heard the arguments of counsel and having considered the briefs of the parties and having concluded from its review of the matter that respondent did not violate RPC 1.15(a) (knowing misappropriation) or the principles of In re Wilson, 81 N.J. 451, 409 A.2d 1153 (1979), and In re Hollendonner, 102 N.J. 21, 504 A.2d 1174 (1985) ;
And the Court having determined that the appropriate quantum of discipline for respondent's violations of RPC 1.15(b), RPC 1.2(d), and RPC 8.4(c) is a two-year suspension from the practice of law;
And good cause appearing;
**458 It is ORDERED that WILLIAM J. SORIANO is suspended from the practice of law for a period of two years, effective May 8, 2018, and until the further Order of the Court; and it is further
ORDERED that respondent comply with Rule 1:20-20 dealing with suspended attorneys; and it is further
ORDERED that pursuant to Rule 1:20-20(c), respondent's failure to comply with the Affidavit of Compliance requirement of Rule 1:20-20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of RPC 8.1(b) and RPC 8.4(d) ; and (3) provide a basis for an action for contempt pursuant to Rule 1:10-2; and it is further
ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further
ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual *1133 expenses incurred in the prosecution of this matter, as provided in Rule 1:20-17.